Where a party uses due diligence to procure evidence to prove a material part of his case, but is prevented from procuring it by measures taken by the witnesses to conceal the facts from his knowledge, and he, therefore, submits his case to the court on an agreed statement of such facts as are known to him, and the court decide against him, he is entitled to a review, on his subsequently discovering proof of such concealed facts.
This was a petition for a review. At the hearing it appeared that the petitioners brought an action against the respondents, on a bond given by.Clapp, as principal, and the other respondents, as his sureties, for the liberty of, the jail limits, on Clapp’s being committed upon an execution against him in favor of the petitioners ; and that the plaintiffs in that action relied on two distinct grounds to prove a breach of the condition of said bond: 1st, that the debtor (Clapp) had actually escaped, by passing over the limits; and 2d, that the proceedings by which he was discharged, on taking the poor debtors’ oath, were irregular, and that the certificate of the magistrates, who administered that oath, did not warrant his departure from the limits.
The petitioners now set forth, that in the said action they used due diligence, but without success, to procure evidence to prove the departure of Clapp from the limits; that measures were taken by the witnesses to prevent the fact of such departure from coming to the knowledge of the petitioners, until after judgment in that action was rendered for the defendants ■ *415 that in consequence of not finding proof of such departure ol Clapp, the counsel, who were employed by the petitioners in that action, agreed, by direction of the petitioners, to a statement of facts, in order to raise the question of law on the other point, viz. the irregularity of the discharge of Clapp, on his taking the poor debtors’ oath ; which was decided against the petitioners, and the defendants in that action (the present respondents) thereupon had judgment and execution for costs. (See the report of that case, 4 Met. 455.)
After the parties had been fully heard, the court passed the following order:
And now, proof of the facts, alleged by the petitioners m their petition, being given, and that evidence has been discovered, since the trial, which is now offered to the court, proper to be submitted to a jury, to prove an actual escape of said Clapp from the limits of the prison ; it is ordered by the court, that the petitioners have leave to sue out a writ of review, and that a supersedeas issue to the execution for costs, on bond being given to abide the judgment on the review.